**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TONY C. GIVENS,**

      **Plaintiff,**

***vs.***                                          **CIVIL ACTION NO. 1:10CV140**

**WEST VIRGINIA,**

      **Defendant.**

## ORDER/OPINION

On the 8th day of September 2010, Plaintiff filed his Complaint in this Court against Defendant [DE1].

On September 20, 2010, Plaintiff filed a Motion for Preliminary Injunction [DE 5].

On October 1, 2010, Plaintiff filed an Exhibit to his Complaint [DE 7].

On October 25, 2010, Defendant filed a Motion to Dismiss [DE 19] based on improper service.

On October 25, 2010, the Court denied the Motion to Dismiss due to the fact that Plaintiff had never paid his filing fee [DE 20].

On November 1, 2010, Plaintiff paid his filing fee [DE 28].

On November 1, 2010, a summons was issued to Defendant [DE 27].

On November 8, 2010, the summons was returned executed [DE 30].

On November 8, 2010, Defendant filed a Motion to Dismiss for Lack of Jurisdiction [DE 32].

On November 16, 2010, Plaintiff filed another summons [DE 34].

On November 17, 2010, Plaintiff filed a Motion for Summary Judgment [DE 35].

On November 18, 2010, Defendant filed its Answer to the Complaint [DE 37]

On November 18, 2010, Defendant filed it's Motion to Dismiss [DE 38].

On November 29, 2010, Plaintiff filed a Memorandum in Support of his Motion for Summary Judgment [DE 40].

On December 8, 2010, Defendant filed its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [DE 41].

On December 14, 2010, Plaintiff filed his Reply in Support of his Motion for Summary Judgment [DE 42].

On December 14, 2010, Plaintiff filed a Motion to Strike Defendant's Answer to the Complaint [DE 43].

On December 17, 2010, the undersigned United States Magistrate Judge entered a Report and Recommendation recommending Plaintiff's Motion for Preliminary Injunction be denied [DE 44].

On December 22, 2010, the undersigned denied Plaintiff's Motion to Strike Defendant's Answer to the Complaint [DE 46].

On December 22, 2010, the undersigned granted in part and denied in part Defendant's Motion to Dismiss for Lack of Jurisdiction [DE 47].

On December 22, 2010, the undersigned entered a Roseboro Notice to Plaintiff, regarding Defendant's substantive Motion to Dismiss [DE 48].

On December 23, 2010, Plaintiff filed a Motion for Leave to Amend Complaint [DE 49]

On December 27, 2010, Plaintiff filed a second Motion for Leave to Amend Complaint [DE 50].

On December 27, 2010, Plaintiff filed his Response to Defendant's Motion to Dismiss [DE

51].

On December 29, 2010, Plaintiff filed an Additional Exhibit in Support of his two Motions to Amend his Complaint [DE 54].

On January 3, 2011, Plaintiff filed a second Response in Opposition to Defendant's Motion to Dismiss [DE 55].

On January 4, 2011, Plaintiff filed a Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss [DE 56].

On January 7, 2011, Plaintiff filed a Second Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss [DE 57].

On January 10, 2011, Plaintiff filed a Third Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss [DE 58].

On January 14, 2011, Plaintiff filed a Fourth Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss [DE 59]

On January 18, 2011, Plaintiff filed an Exhibit [DE 60] in support of his filings.

On January 24, 2011, Plaintiff filed a document entitled "Reason why this Court should give Judgment in favor of Plaintiff' [DE 61].

On February 1, 2011, Plaintiff filed a document entitled "Sanctions U.S. Code 18 section 3162" [DE 62].

The Court notes that the District Judge has not yet ruled on the Report and Recommendation recommending denial of Plaintiff's Motion for Preliminary Injunction entered on December 17, 2010.

Further, Plaintiff's Motion for Summary Judgment; Defendant's Motion to Dismiss; and

Plaintiff's two Motions to Amend Complaint have yet to be addressed, having only become ripe for decision within the past month.

Within the Court's inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants, is the power to stay proceedings. Landis v. North American Co., 299 U.S. 248, 57 S. Ct. 163, 81 L.Ed. 153 (1936). The Court, however, must weigh competing interests and maintain an even balance in making such a determination. The Court has before it Defendant's Motion to Dismiss, as well as Plaintiff's Motion for Summary Judgment. Additionally, Plaintiff has filed two Motions to Amend the Complaint which have yet to be decided. Disposition of these motions – even one of these motions– may affect the breadth of the litigation, including, but not limited to the need for certain discovery. Further, "Motions to dismiss shall be given priority status provided that are designated prominently as a motion to dismiss and filed as a separate pleading." Local Rule of Civil Procedure 12.02. Finally, no scheduling order has yet been entered in this case. Weighing the competing interests of the parties as well as the economy of time and effort for itself, counsel and the litigants, the Court finds a stay of further proceedings in this matter while the Court resolves the dispositive motions (the motions to dismiss and for summary judgment) as well as the motions to amend the complaint will not cause irreparable harm to any of the litigants and may in fact aid the litigants by narrowing and/or defining the issues.

Upon consideration of all which, the Court **STAYS** further proceedings by the parties in this matter until further Order. **NEITHER OF THE PARTIES SHALL FILE FURTHER MOTIONS, RESPONSES, SUPPLEMENTS or ANY ADDITIONAL DOCUMENTS until the further Order of the Court**. Defendant is not required to file any further responses to Plaintiff's

motions or supplements unless directed by the Court.  In addition, no discovery shall take place until further order of the Court.

It is so **ORDERED**.

The Clerk for the United States District Court for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record and by Certified Mail, Return Receipt Requested, to Plaintiff *pro se.*

DATED: February  4, 2011.

*John S. Kaull*
JOHN S.  KAULL
UNITED STATES MAGISTRATE JUDGE