# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONY C. GIVENS,
        Plaintiff,

*vs*.                                        CIVIL ACTION NO. 1:10CV140

WEST VIRGINIA,
        Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned pursuant to Defendant State of West Virginia's Motion to Dismiss filed November 18, 2010 [Docket entry 38]. Plaintiff, pro se, Tony C. Givens, filed his Response to State's Motion to Dismiss on January 3, 2011 [Docket Entry 55]. The motion was referred to the undersigned United States Magistrate Judge by United States District Judge Irene M. Keeley on November 10, 2010 [Docket Entry 33].

Based on a careful review of the record the undersigned finds the motion to dismiss should be granted, the action against the State of West Virginia should be dismissed, and this action stricken from the docket of the court.

According to the Complaint, this case arises from two separate arrests of Plaintiff for DUI in Fairmont, Marion County, West Virginia. The first took place on May 17, 2009, when Fairmont Police Officer Speakman arrested Plaintiff for DUI. The Complaint alleges the officer concealed the blood alcohol test results from the State court, which results he claims indicated a BAC of .02, well below the legal limit. The Complaint alleges the Marion County Circuit Court reversed Plaintiff's conviction of DUI in Givens v. State 10P-45 (Plaintiff represents the order is attached to

his Complaint; however, it is not).[1]

The second arrest took place on June 7, 2009, when Plaintiff was again arrested and charged with DUI. In his Complaint, Plaintiff claims that Officer Lewis of the Fairmont Police Department stated "you going to jail even if you pass the breath test." The Complaint alleges Plaintiff invoked Miranda and demanded a urine sample be taken, instead of a Breathalyzer test, but the officer refused to comply. The Complaint also alleges there was video and audio tape of the arrest "which Disappears," and that "[b]y concealing audio & video tape from court and DMV the right of confrontation has been violated" [sic].

The Complaint alleges that "both DUI charges were dismissed by Marion County Court system because of this deprivation."

Plaintiff's claim for relief in his Complaint is that "the commissioner of DMV Mr. Joe Miller has the power not to revoke my license and knows of the wrongs conspired to be done under U.S. Code 42 sec 1986 he Mr. Miller can right the wrong against me. U.S. Code 18 sec 1963 provides for removal of fraudulent DUI and revoke of my license." [sic].[2]

Dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff cannot prove any set of facts to support his or her allegations. Revene v. Charles County Comm'rs, 882 F.2d 870 (4th Cir. 1989). Ordinarily, a court may not consider any documents that are

---

[1]Plaintiff subsequently moved the Court to change the wording in this sentence to "dismissal was to be forthcoming."

[2]18 U.S.C. 1963 provides for criminal penalties for violation of section 1962. Section 1962 in turn prohibits "any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal . . . to use or invest, directly or indirectly, any part of such income, interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30 (1st Cir. 2001)(cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006)(unpublished).

There are, however, exceptions to the rule that a court may not consider any documents outside of the complaint. Specifically, a court may consider official public records, documents central to Plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed. Id.; Gasner v. Dinwiddie, 162 F.R.D. 280 (E.D.Va. 1995)(also cited with approval in Witthohn, supra.)(permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint.)

In the record before the Court, attached to one of Defendant's pleadings, is Plaintiff's Motion for Writ of Mandamus/Prohibition filed in the Circuit Court of Kanawha County on July 29, 2010, and an Order Denying Writ from the Circuit Court of Kanawha County, West Virginia, dated September 3, 2010.[3] This document is undisputably a court record. The undersigned reviewed the State court record while deciding by Report and Recommendation Plaintiff's Motion for Preliminary Injunction. Although expressly advised of his right to object to the Report and Recommendation, Plaintiff did not do so. Plaintiff makes no plausible argument that this state court record should not have been reviewed or should not now be reviewed on the Motion to Dismiss. A district court may clearly take judicial notice of these public records, and Plaintiff does not dispute its authenticity.

---

[3]Plaintiff filed his Complaint in this Court on September 8, 2010, only five days after the Circuit Court entered its Order.

See Blue Tree Hotels v. Starwood Hotels & Resorts, 369 F.3d 212 (2nd Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss")(also cited with approval in Witthohn, supra.

On July 29, 2010, Plaintiff petitioned the Kanawha County Circuit Court regarding the revocations of his license for the identical two DUI offenses about which he complains in this Court. In his Order denying the petition West Virginia Circuit Court Judge Louis H. Bloom found as follows:

1. On May 17, 2009, Petitioner was arrested in Marion County, West Virginia for DUI and for refusing to submit to the secondary chemical test.

2. Petitioner was arrested for driving under the influence of alcohol (hereinafter, "DUI") and refusal to submit to the secondary chemical test on June 7, 2009 in Marion County, West Virginia.

3. On January 22, 2010, Petitioner pled guilty to the May 17, 2009 offense in the Magistrate Court of Marion County.

4. On March 16, 2010, the Respondent sent Petitioner an Order of Revocation revoking his privilege to drive for DUI and refusal to submit to the secondary chemical test. The revocation went into effect on April 20, 2010.

5. With regard to the June 7, 2009 offense, petitioner requested and was granted an administrative hearing. The hearing was held on September 18, 2009. A Final Order was issued by which Petitioner's privilege to drive was revoked for DUI and refusal to submit to the secondary chemical test. The Final Order was effective June 7, 2010.

6. Said Final Order was mailed to Petitioner on April 27, 2010. Petitioner received the Final Order on April 29, 2010. Petitioner did not timely appeal the Final Order.

7. Petitioner filed his Writ of Mandamus/Prohibition in this Court on August 3, 2010.

8. At oral argument, Petitioner advised the Court that he was unable to submit a breath sample because of his health condition. Petitioner did not deny that

he refused to attempt to take the intoximeter test.

9. Petitioner is unable to establish the three prerequisites that must coexist before a writ of mandamus may issue. It is well established that without the coexistence of 1) a clear legal right in Petitioner to the relief sought, 2) a clear legal duty on the part of Respondent to provide the same, and 3) the absence of an adequate legal remedy, mandamus will not lie. Syl. Pt., State ex rel. Mason v. Roberts, supra.

10. Here, Petitioner plead guilty to the May 17, 2009 offense, which required that the Respondent revoke his license. Petitioner requested and was granted a hearing on the June 7, 2009 offense, and did not timely appeal the Final Order. Therefore, he failed to exhaust his administrative remedies with regard to the June 7, 2009 offense.

11. Petitioner has no clear legal right to restoration of his privilege to drive, and the Commissioner has not duty to restore Petitioner's driving privileges to drive, until such time as he has successfully completed the requisite safety and treatment program, Test-and-Lock program, and paid all pertinent fees and costs. State ex rel. Hall v. Schlaegel, 202 W. Va. 93, 502 S.E.2d 190 (1998). Thus, Petitioner cannot establish any of the three prerequisites which must coexist before a writ of mandamus may issue.

12. Petitioner has failed to establish that he is entitled to another administrative hearing or to the reinstatement of his privilege to drive until he has met all of the requirements for reinstatement.

Accordingly, the Court does hereby **DENY** the relief requested in the petition. It is hereby **ORDERED**, **ADJUDGED** and **DECREED** that the above-styled action is **DISMISSED** and **STRICKEN** from the docket of this Court.

In this matter, the undersigned finds the plaintiff's cause of action against the State of West Virginia is barred by the Full Faith and Credit Clause of the United States Constitution, 28 U.S.C.S. section 1738, the doctrine of res judicata, and the doctrine of collateral estoppel. Plaintiff's claims are predicated on relitigation of the same claims already ruled on by Judge Bloom in State court.

Under the Full Faith and Credit Clause of the United States Constitution and 28 U.S.C.S. Section 1738, federal courts must give a state court judgment the same preclusive effect as would

be given the judgment under the law of the state in which the judgment was rendered. Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed. 877 (1986). In other words, the issue of whether Plaintiff's claims are barred by res judicata is decided by application of West Virginia Law. See Graves v. Associate Transport, Inc., 344 F.2d 894 (4th Cir. 1965).

With respect to res judicata, the Supreme Court of Appeals of West Virginia held that:

> *Res judicata* generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating issues that were decided or the issues that could have been decided in the earlier action. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct.411, 66 L.Ed.2d 308 (1980); *In re McIntosh's Estate*, 144 W.Va. 583, 109 S.E.2d 153 91959). A claim is barred by *res judicata* when the prior action involves identical claims and the same parties or their privies.

State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995).

With respect to collateral estoppel, the Supreme Court of Appeals of the State of West Virginia held:

> Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) There is a final adjudication on the merits of the prior action; (3) The party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) The party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Id.

Thus, under West Virginia law, while the essence of res judicata is one of "claim preclusion," i.e., a litigant is barred from relitigating a "claim" formerly adjudicated, the essence of collateral estoppel is one of "issue preclusion," i.e., a litigant is barred from relitigating an "issue" formerly adjudicated.

Therefore, in a federal court sitting within the State of West Virginia, a lawsuit is barred by res judicata when three elements have been satisfied: (1) there was a prior final adjudication on the

6

merits; (2) the two actions involve either the same parties or persons in privity with those parties; and (3) the cause of action identified for resolution in the subsequent proceedings either is identical to the cause of action in the first proceeding or is such that it could have been resolved in the prior action, had it been presented. Slider v. State Farm Mut. Auto. Ins. Co., 210 W.Va. 476, 557 S.E.2d 883 (2001).

A review of the Writ of Mandamus/Prohibition filed in State court on July 29, 2010, and the Complaint (entitled "Jurisdiction") filed in this Court on September 8, 2010, shows nothing new in the Complaint filed in this Court. Plaintiff is merely attempting to reassert claims which have already been adjudicated in State court. There was a final adjudication on the merits in State court. Although in State court Plaintiff named the West Virginia Division of Motor Vehicles, and here he names "West Virginia," the agency and the State are clearly in privity. In fact, Plaintiff's claim for relief here is "the commissioner of DMV Mr. Joe Miller has the power not to revoke my license and knows of the wrongs conspired to be done under U.S. Code 42 sec 1986 he Mr. Miller can right the wrong against me. U.S. Code 18 sec 1963 provides for removal of fraudulent DUI and revoke of my license." [sic]. Finally, the cause of action identified for resolution in the subsequent proceedings either is identical to the cause of action in the first proceeding or is such that it could have been resolved in the prior action, had it been presented. Consequently, such claims, even if true, are barred by the Full Faith And Credit Act, 29 U.S.C.S. Section 1738, the doctrine of res judicata, and the doctrine of collateral estoppel.

Accordingly, the State of West Virginia's motion to dismiss should be granted.

With regard to Plaintiff's two Motions for Leave to Ammend [sic] Complaint filed on December 23, 2010 and December 27, 2010, Rule 15 of the Federal Rules of Civil Procedure

7

provides, in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . .

In this case the State of West Virginia filed its Answer to the Complaint on November 18, 2010 [Docket Entry 37], the same date if filed its Motion to Dismiss. Plaintiff therefore is estopped from filing an amended complaint without leave of the court. The motion(s) to amend should be denied because the proposed amended complaints, even if granted, are subject to dismissal.

In his first Motion for Leave to Ammend [sic] Complaint, Plaintiff suddenly and without leave, changes the Plaintiff in the case from his own name to "United States." Federal Rule of Civil Procedure 17(a)(1) provides: "An action must be prosecuted in the name of the real party in interest . . . ." Plaintiff's interest in his Complaint is to have his driver's license restored and for damages pursuant to his license being revoked. It is therefore undisputable that Plaintiff, Tony Givens, is the real party in interest, and not the United States. 17(a)(2) provides: "When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States." Here, however, Plaintiff cites no federal statute, and the Court finds none, that provides for a lawsuit against a state for restoration of a driver's license to be brought in the name of the United States. Plaintiff's first Motion for Leave to Ammend [sic] Complaint [Docket Entry 49] should therefore be DENIED.

In an attempt to remedy the fault in his first Motion to Amend, Plaintiff then sent a "cover sheet" stating: "After conversation with U.S. Attorney I can not bring U.S. v. WV. I believe my ammended [sic] complaint will bring the desired effect. U.S. v. Speakman and Lewis."
In an attached document, styled "United States v. Speackman & Lewis," Mr. Givens writes:

> Pursuant to civil rights violation in complaint 1:10 cv 140 I Tony Givens bring this action in the name of the United States and I sign this wavier [sic] pursuant to U.S. code 31 section 3730(b); 42 section 14141(b); 42 section 2000b2.

The court interprets this document [Docket Entry 54] as a second Motion to Amend Complaint.

31 U.S.C. 3730(b)(2) applies only to a private party bringing a civil action for a violation of section 3729 for the person and the United States Government. Section 3729 provides for false or fraudulent claims against the United States for payment. There is no claim in this case of a fraudulent claim against the United States. 42 U.S.C. section 14141(b) pertains to the Attorney General of the United States' investigation into "a pattern or practice of conduct by law enforcement officers . . . ." and "action to obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." Plaintiff here has shown no facts to support a "pattern or practice" of the officers who arrested him on two separate DUI charges. Further, the statute on its face calls for civil action "by the Attorney General." Mr. Givens is within his rights to bring any pattern and practice evidence to the attention of the Attorney General of the United States for prosecution, but his civil Complaint in this court to have his license restored cannot be amended to state an entirely different plaintiff, claim, and remedy. Finally, the Court, after research, is unable even to locate a statute 42 section 2000b2.

The undersigned therefore RECOMMENDS Plaintiff's document construed by the undersigned as a Motion to Amend Complaint [Docket Entry 54] be DENIED.

Plaintiff then filed a third Motion for Leave to Ammend [sic] Complaint on December 27, 2010. In the first paragraph, Plaintiff (now again under his own name) asks the Court to change the language from his original complaint from "Marion County court system reverse conviction in Givens v. WV 10P-45" to "the dismissal of the 17 May 2009 arrest was to be forthcoming however

9

the officer chose not to come forward; and elected to violate W.V.Code 61-5-27a and commission [sic] a Federal And State felony U.S. Code 18 section 1512 and WV Code 61-4-2 which in essence defeats the due course of justice U.S. Code 42 section 1985." First, as shown by the State Court decision, and now by Plaintiff himself, the representation to the Court in his Complaint that the Marion County Court reversed his conviction has no basis in fact, and may, in fact, be a misrepresentation to the Court. This misrepresentation is not cured by Plaintiff's belief that the dismissal "was to be forthcoming" but for the officer's action or inaction. Second, and more significantly, Plaintiff litigated the same claims in his State court action, and is therefore barred by the Full Faith and Credit Doctrine, res judicata, and collateral estoppel from bringing those claims in this Court.

The remainder of the "new" claims in the third Amended Complaint, even if not expressly litigated in the State action, are claims that "could have been resolved in the prior action had [they] been presented." Slider v. State Farm Mut. Auto. Ins. Co., 210 W.Va. 476, 557 S.E.2d 883 (2001). His Fifth and Sixth Amendment Claims alleging that the State prosecuting attorney took away his right to a preliminary hearing; his argument that the arraigning judge (Magistrate) Middlemas should not have been the trial judge; and his claim of ineffective assistance of counsel, even if true, could have and should have been brought and resolved in the State court action.

The undersigned therefore RECOMMENDS Plaintiff's Motion for Leave to Ammend [sic] Complaint [Docket Entry 50] also be DENIED.

Because this Opinion recommends dismissal of the case in its entirety, the undersigned further recommends Plaintiff's Motion for Summary Judgment filed November 17, 2010 [Docket Entry 35] be DENIED as mooted by this opinion.

# CONCLUSION

Simply put, the State court entered a decision finding that Plaintiff pled guilty to the May 17, 2009, offense, which <u>required</u> that the DMV revoke his license. Regarding the June 7, 2009, offense, he requested and was granted a hearing, and did not timely appeal the Final Order. After the State afforded Plaintiff a full opportunity to litigate the merits of his claims, and after he did, in fact, litigate the merits of his claims, the State court expressly held:

> Petitioner has no clear legal right to restoration of his privilege to drive, and the Commissioner has no duty to restore Petitioner's driving privileges to drive, until such time as he has successfully completed the requisite safety and treatment program, Test-and-Lock program, and paid all pertinent fees and costs. <u>State ex rel. Hall v. Schlaegel</u>, 202 W. Va. 93, 502 S.E.2d 190 (1998). Thus, Petitioner cannot establish any of the three prerequisites which must coexist before a writ of mandamus may issue.
>
> Petitioner has failed to establish that he is entitled . . . to the reinstatement of his privilege to drive until he has met all of the requirements for reinstatement.

Plaintiff's "Claim upon which relief can be granted," is, in pertinent part, that the Commissioner of the Department of Motor Vehicles remove the fraudulent DUI and revocation of his license.

The undersigned United States Magistrate Judge finds Plaintiff's claims are barred by the Full Faith and Credit doctrine, res judicata, and collateral estoppel.

# RECOMMENDATION

For all the above reasons, the undersigned United States Magistrate Judge **RECOMMENDS** Plaintiff's Motion for Leave to Amend Complaint [Docket Entry 49] be **DENIED**; Plaintiff's Motion for Leave to Amend Complaint [Docket Entry 50] be **DENIED**; Plaintiff's Letter construed by the Court as a Motion for Leave to Amend Complaint [Docket Entry 54] be **DENIED**; Defendant's Motion to Dismiss [Docket Entry 38] be **GRANTED;** Plaintiff's Motion for Summary Judgment [Docket Entry 35] be **DENIED as Moot;** and this action be dismissed and stricken from the docket

11

of the Court.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record and to Plaintiff pro se by Certified United States Mail.

Respectfully submitted this 18th day of February, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE